IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

KEVIN LOGAN                                    ]        Case No. 20CV1323
PLAINTIFF                                      ]
                                               ]
V.                                             ]
                                               ]
CITY OF EVANSTON, and                          ]
EVANSTON POLICE CHIEF                           ]
DEMITROUS COOK, IN HIS PERSONAL                 ]
AND OFFICIAL CAPACITY.                          ]
                                               ]
DEFENDANTS                                     ]
                                               ]

## AMENDED COMPLAINT FOR RELIEF

Pursuant to Fed. R. Civ. P. 3 Kevin Logan [Plaintiff] commences this action against,

Defendant City of Evanston [City], and Defendant Evanston Police Chief Demitrous Cook

[Cook], in his personal and official capacity. [Collectively referred to as Defendants]

### A.  INTRODUCTION

This is an action for deprivation of civil rights under color of law relating to the

Defendant Chief of Police Cook posting an electronic document containing the picture, name,

dob and address of Plaintiff on Cook's personal snapshot with a note next it that the Plaintiff

was HIV positive to the public whom viewed and shared Cook's publication on the internet, via

text messages, and other social media platforms. The statement of HIV was false in that

Plaintiff has never been diagnosed with HIV and was tested for HIV on 2/22/2020 with a

negative result.

1

## B.  JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202, 42 U.S.C. § 1983, 28 U.S. Code § 1367, U.S. Const. amend. XIV, and U.S. Const. amend. IV.

2. This Court has personal jurisdiction over each of the Defendants because, inter alia, they acted under the color of laws, policies, customs, and/or practices of the City, Police, and executive discretion and/or within the geographic confines of the State of Illinois.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants may be found in this district, and because the events and omissions giving rise to this action all occurred in the County of Cook State of Illinois.

## C.  PARTIES

4. Plaintiff Kevin Logan is a natural person residing in the County of Cook.

5. Defendant City of Evanston [City] is a municipality located in the State of Illinois County of Cook.

6. Defendant Demitrous Cook in his official capacity is the Chief of Police of the Evanston Police Department.

7. Defendant Demitrous Cook in his personal capacity is a natural person and upon information and belief, resides in the County of Cook.

## D.  CLAIM FOR RELIEF

COUNT 1: VIOLATION OF 42 U.S.C. § 1983 4TH AMENDMENT BY ALL DEFENDANTS

8. In January or February of 2020 Cook was employed by the Evanston Police Department [Police] and City of Evanston [City] as its chief of Police.

9. Pursuant to City Ordinance 9-1-3-1 the City of Evanston created the office of Chief of Police, who is the head of the Evanston Police Department and whom is appointed by the City Manager.

10. The duties of the Chief of Police Provide for

   a. The custody, care and control of the public property of the Department of Police, including all firearms and other equipment, and the books and records of the Department of Police.

   b. Devote his/her full time to the duties and responsibilities of his/her office.

   c. Preserve the peace, order, safety and cleanliness of the City.

   d. Execute and enforce all ordinances and police regulations and orders of the City Council and of the City Manager.

   e. Protect the rights of persons and property within the City.

   f. Note all nuisances and assist the departments of the City in the abatement thereof.

   g. Execute all orders transmitted to him/her for enforcement by the City Manager or his/her designee, so far as they may relate to the preservation of the health of the City, the protection of the streets, alleys and sidewalks of the City, or for the enforcement of any of the ordinances of the City.

   h. Aid the Fire and Life Safety Services Department by giving alarms in case of fire, and in clearing the streets or grounds in the immediate vicinity of all fires so that members of the Fire and Life Safety Services Department shall not be hindered or obstructed in the performance of their duties.

   i.   Study police problems and matters of public welfare and administration as related to crime and law enforcement and make recommendations thereon to the City Manager or his/her designee.

   j.   Investigate, study and recommend to the City Manager or his/her designee from time to time traffic regulations, routings and changes therein with a view to improving traffic conditions and lessening congestion in the streets and public places in the City.

11. The Chief of Police is also required to keep detailed records showing the work of the Department of Police. Such records shall show.

    a.   The names of all persons arrested and the date of arrest;

    b.   The nature of the offense charged and whether the accused was imprisoned or released on bail;

    c.   The disposition of the case;

    d.   The names of all persons committed to the jail;

    e.   The amount of the fine and if paid, to whom;

    f.   A copy of all charges filed with the Civil Service Commission against any member of the Department and ruling of the Commission thereon;

    g.   A list of all property placed in charge of the Department.

    h.   The Chief of Police shall make an annual report to the City Manager or his/her designee regarding the police force, with a detailed statement of the transactions of the Police Department for the preceding year, with such statistics and suggestions regarding the requirements of the Police Department as he/she may deem advisable.

12. During the relevant time, Defendant Cook was the final policymaker for the City of Evanston's police department as chief of police; he had the authority to supervise and deploy personnel and resources, develop and implement the police department's goals and policies, and overall monitoring of the police department's performance and divisions.

13. Defendant Cook and Defendant City of Evanston's conduct was done intentionally or with a reckless disregard for the health or safety of Plaintiffs and the other African- American's who had their personal information released.

14. As alleged below in each count, Defendant Cook violated Plaintiffs' constitutional rights.

15. As the final policymaker, Defendant Cook's misconduct in violating Plaintiffs' constitutional rights subjects Defendant City of Evanston to direct liability under 42 U.S.C. § 1983.

16. The Evanston Police had the following policies in place in the year 2020 which prohibited:

   a. Recording media for personal use. (Evanston Police Policy manual 423. 7.)

   b. Making personal copies of recordings created while on duty or while acting in their official capacity. (Evanston Police Policy manual 423. 7.)

   c. Retaining recordings of activities or information obtained while on-duty, whether the recording was created with department-issued or personally owned recorders. (Evanston Police Policy manual 423. 7.)

   d. Duplicating or distributing such recordings, except for authorized legitimate department business purposes. Evanston Police Policy manual 423. 7.

   e. Recordings being retained outside the Department.

   f. Using personally owned recording devices while on-duty

   g. Using such recording by any member for the purpose of embarrassment, intimidation or ridicule. Evanston Police Policy manual 423. 7.

    h.   The sharing of this information on Social media. See 340.5 PROHIBITED CONTENT

    i.   The release of this information. See 805.5 RELEASE OR DISSEMINATION OF

       PROTECTED INFORMATION

    j.   The use of such records. See 423.11 REVIEW OF RECORDED MEDIA FILES

    k.   The use of cellular phones in such fashion. See 701.5 PERSONALLY OWNED PCD and

       701.6 USE OF PCD.

17. In January or February of 2020 Cook created and recorded electronic document 1 with a cellular phone.

18. Electronic Document number 1 included the handwritten notations of "HIV" beside the image of Plaintiff, included Plaintiff's address, Plaintiff's name, and other specific identifying information of Plaintiff.  See Exhibit 1.

19. Such notations were made by an agent of the City, The Police, and or Cook Himself prior to the creation of electronic document 1 and 2.

20. There was no factual or medical basis or reasons for such notations to be made in that Plaintiff has never been diagnosed with HIV and all prior testing indicated a negative status.

21. The information used to create electronic document 1 was information which belonged to the Evanston Police Department and the City of Evanston and was posted on a wall in the form of paper documents containing writings and information.  See Exhibit 2.

22. On February 21, 2020 Defendant Cook made a public statement about the incident. Defendant Cook stated the individual whose information he posted were "subjects previously identified in Evanston Police Department investigations" and that the "photos were taken to assist me with an investigation.

23. The Defendant has alleged in a public court filing, that the notation "pending HIV" is subject to reasonable construction of pending an HIV test. However, any such information as to a pending test, if any, was obtained or otherwise conducted pursuant to a search and/otherwise seizure by the Defendant Cook.

24. Defendants did not possess a warrant or other legal right to obtain or search for any information of any alleged pending HIV test.

25. Defendant violated Plaintiff's rights by searching and seizing any alleged medical information to lead them to believe an HIV test was pending.

26. Persons passing by the area where the information was obtained from were able to view the information and otherwise had access to the information posted on the wall.

27. No steps were taken to secure this information as confidential.

28. The information used to create electronic document 1 was located on the premises belonging to a Police Department, the City of Evanston, and/or the Evanston Police Department.

29. In January or February of 2020 Cook then used Electronic Document 1 to create another electronic document in the form of a snap chat post. (electronic document 2).

30. In January or February of 2020, in the state of Illinois County of Cook, Defendant Cook then published electronic document number 2 to the public using channels of interstate commerce such as his snapchat account and his cellular device. See Exhibit 1.

31. Electronic Document number 2 included the handwritten notations of "HIV" beside the image of Plaintiff. See Exhibit 1.

32. In February of 2020 electronic document number 2 was shared numerous times by the public.

33. In February of 2020 Document number 2 was placed and otherwise saved on the servers of Snapchat, Facebook, and many other electronic databases, including but not limited to, cell phones, personal computers, iClouds, google docs and so forth.

34. Document number 2 will remain forever stored on such third party's servers, not limited to but including, members of Plaintiff's community the public using channels of interstate commerce such as his snapchat account and his cellular device. See Exhibit 2.

35. Cook admitted Electronic document 2 was actually posted publicly on the Snapchat app, where one or more people who knew of his account started distributing them more widely on social media.

36. During the relevant time, Defendant Cook owed Plaintiffs and the other individuals who had their personal information publicly disseminated a duty of reasonable case. Defendant Cook also had a duty to refrain from willful and wanton conduct.

37. In order to publicly share a picture taken with the SNAPCHAT application, the user must first click the story option and confirm to have the picture posted. As such, the posting of the pictures on his SNAPCHAT Story by Defendant Cook was done intentionally or with a reckless disregard for the health and safety of each individual who had their picture posted, including Plaintiff.

38. U.S. Const. amend. IV provides "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

39. The constitutional right to privacy extends to the individual's interest in avoiding disclosure of personal matters.

40. The Plaintiff has a constitutional right to privacy in avoiding disclosure of personal matters.

41. The Defendants violated the Plaintiff's right to privacy in avoiding disclosure of his personal matters by creating the information with handwritten notes containing the name, image, and word HIV next to Defendants Image, publishing it on the wall for any and all persons whom pass by to see, and by republishing the materials to the public.

42. Defendant Cook violated the Plaintiff's right to privacy in avoiding disclosure of his personal matters by creating electronic document 1 and electronic document 2.

43.  Defendant Cook violated the Plaintiff's right to privacy in avoiding disclosure of his personal matters by publishing electronic document 1 and electronic document 2 to the public.

44. Defendants violated all of the above-mentioned Evanston Police Policies in paragraph 10.

45. Electronic document number 1 and 2 become publicly known and it adversely affected the reputation of Plaintiff, caused embarrassment to Plaintiff, and Caused Embarrassment to his family unit. See Defendant's Exhibit 3.

46. Plaintiff is not married but is in a relationship with girlfriend and has two young children with her and she is currently pregnant with his third child.  Plaintiff has a mother and other family members. Plaintiff also a constitutional right to live together as a family and this right is not limited to the nuclear family or some firm definition.

47. The information was published to the world including the community within which Plaintiff and his family belong to, participate in, and reside in.

48. Plaintiff and his family suffered embarrassment, ridicule, and cyber bullying as a result. See Exhibit 3.

49. When Plaintiff and his Girlfriend learned of this matter, both suffered emotional distress and took steps to take an HIV test.

50. Plaintiff was unable to sleep, was severely emotionally disturbed, anxious, embarrassed, and otherwise suffered severe emotional distress.

51. Plaintiff had to wait for the test results.

52. Plaintiff and his girlfriend both obtained the results of their test on 2/22/2020 and the results of both were negative for HIV/AIDS. See Exhibit 4.

53. The Plaintiff was deprived of his constitutional rights in violation of the Constitution

54. The Defendants intentionally caused this deprivation.

55. The Defendants acted under color of law.

56. The Plaintiff suffered harm, embarrassment, reputational harm, public ridicule, medical costs, and severe emotional distress.

57. The Plaintiff must now incur costs to clear his internet reputation

58. Defendants acted with willful malice.

59. The defendant acted intentionally and in gross disregard of the plaintiff's constitutional rights.

60. The Police and City failed to properly train employees on the use of social media and disclosure and recording of confidential information.

61. This failure amounts to "deliberate indifference" to rights of persons with whom employees come into contact, such as Plaintiff and others.

62. The conduct of high-level officials is implicated in this matter since Cook is the Chief of Police. Defendants acted with willful malice.

63. The Defendants acted intentionally and in gross disregard of the plaintiff's constitutional rights.

64. The Defendants engaged in conscience-shocking, egregious behavior

65. The Plaintiff rights were violated by abusive, irrational or malicious abuse of government power.

66. The conduct committed shocks the conscience by falling substantially below standards generally accepted in police and government community.

67. Cook acted through a 'wide-spread practice' of disregarding minorities rights that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law.

68. Upon information and belief, all of the individuals who had their pictures and personal information shared by Defendant Cook were minorities.

69. Upon information and belief, even though white individuals have committed criminal acts in the City of Evanston, Defendant Cook did not publicly share booking photographs and personal information of white civilians.

70. Upon information and belief, even though white individuals have committed criminal acts in the City of Evanston, Defendant Cook did not publicly share booking photographs and personal information of white civilians.

71. By treating minority civilians and Caucasian civilians in such a different manner, Defendant Cook violated Plaintiffs' right under the Fourteenth Amendment to Equal Protection.

72. The City is liable directly or under vicarious liability

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays this honorable court enter an order against the

Defendants finding Defendants liable for violating the Plaintiff's civil rights, requiring the Defendants to pay damages, punitive damages, costs, and attorney's fees, in an amount not less than $1,000,000.00, any other relief the court sees fit.

COUNT 2: VIOLATION OF 42 U.S.C. § 1983: VIOLATION OF 14th AMENDMENT BY ALL DEFENDANTS

73. Pursuant to Fed. R. Civ. P. 10 (c) the statements made in paragraphs 1-72 of this pleading are adopted by reference and incorporated into this count.

74. U.S. Const. amend. XIV provides "nor shall any State deprive any person of life, liberty, or property, without due process of law"

75. The Plaintiff has a constitutional right to bodily integrity.

76. The Plaintiff has a constitutional right to substantive due process.

77. The Plaintiff has a constitutional right to bodily integrity.

78. The Plaintiff has a constitutional right to privacy in avoiding disclosure of personal matters.

79. The Defendants engaged in conduct that shocks the conscience and is egregious.

80. The Defendants violated the Plaintiff's right to privacy in avoiding disclosure of his personal matters by creating the information with handwritten notes containing the word HIV next to Defendants Image, publishing it on the wall for any and all persons whom pass by to see, and by publishing, and republishing the materials to the public.

81. Defendant Cook violated all of the above 14th amendment rights, 1st amendment rights, and other of Plaintiff's rights in avoiding disclosure of his personal matters by creating electronic document 1 and electronic document 2.

82. Defendant Cook violated the Plaintiff's right to privacy in avoiding disclosure of his personal matters by publishing electronic document 1 and electronic document 2 to the public.

83. The Plaintiff was deprived of his constitutional rights in violation of the Constitution.

84. The Defendants intentionally caused this deprivation.

85.  The Defendants acted under color of law when creating the electronic documents, posting the original posting on the wall, and during the publication of the information to the public.

86. The Plaintiff suffered harm, embarrassment, reputational harm, public ridicule, medical costs, and severe emotional distress.

87. The Plaintiff must now incur costs to clear his internet reputation

88. Defendants acted with willful malice.

89. The Defendants acted intentionally and in gross disregard of the plaintiff's constitutional rights.

90. The Defendants engaged in conscience-shocking, egregious behavior

91. The Plaintiff rights were violated by abusive, irrational or malicious abuse of government power.

92. The conduct committed shocks the conscience by falling substantially below standards generally accepted in police and government community.

93. The information at issue is "within an individual's reasonable expectations of confidentiality."

94. These of privacy which are fundamental or implicit in the concept of ordered liberty

95. Plaintiff had an individual interest in avoiding disclosure of personal matters

96. The information disclosed was highly personal.

97. The City is liable directly or under vicarious liability.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays this honorable court enter an order against the Defendant's finding Defendants liable for violating the Plaintiff's civil rights, requiring the Defendants to pay damages, punitive damages, costs, and attorney's fees, in an amount not less than $1,000,000.00, any other relief the court sees fit.

COUNT THREE: DEFAMATION PER SE BY ALL DEFENDANTS

98. Pursuant to Fed. R. Civ. P. 10 (c) the statements made in paragraphs 1-97 of this pleading are adopted by reference and incorporated into this count.

99. Defendants published words that impute Plaintiff is infected with a loathsome communicable disease

100.    Statements that impute HIV to a person are defamatory per se under the traditional "loathsome disease" category. Nolan v. State, 158 A.D.3d 186, 69 N.Y.S.3d 277 (N.Y. App. Div. 2018).

101. The statement published by Defendants was false. Plaintiff does not have HIV and never had HIV.

102. The publication is not reasonably capable of an innocent construction;

103. The publication is not an expression of opinion

104. The publication is not subject to a privilege.

105. Defendants acted with malice, acted knowingly, or with reckless disregard of the truth in making the false publications, or otherwise negligently in the alternative.

106. Plaintiff suffered damages to his reputation, mental anguish, emotional distress, anxiety, embarrassment, and other damages to be determined.

107. The City is liable directly or under vicarious liability

WHEREFORE, Plaintiffs prays this honorable court enter an order against the Defendant's finding Defendants liable for Defaming Plaintiff, requiring the Defendants to pay damages, punitive damages, costs, and attorney's fees, in an amount not less than $1,000,000.00, any other relief the court sees fit.

## COUNT FOUR: DEFAMATION

108. Pursuant to Fed. R. Civ. P. 10 (c) the statements made in paragraphs 1-107 of this pleading are adopted by reference and incorporated into this count.

109. Defendants published words that impute Plaintiff is infected with a loathsome communicable disease

110. Statements that impute HIV to a person are defamatory per se under the traditional "loathsome disease" category.

111. The publication is not reasonably capable of an innocent construction;

112. The publication is not an expression of opinion

113. The publication is not subject to a privilege.

114. The publication was not justified.

115. The publication was false, Plaintiff does not have HIV.

116. Defendants acted with malice, acted knowingly, or with reckless disregard of the truth in making the false publications, or otherwise negligently in the alternative.

117. The Defendants acted with malice and bad faith in making the notation of HIV and the publishing such notations

118. Plaintiff suffered damages to his reputation, mental anguish, emotional distress, anxiety, embarrassment, and other damages to be determined.

119. The City is liable directly or under vicarious liability

WHEREFORE, Plaintiffs prays this honorable court enter an order against the Defendant's finding Defendants liable for Defaming Plaintiff, requiring the Defendants to pay damages, punitive damages, costs, and attorney's fees, in an amount not less than $1,000,000.00, any other relief the court sees fit.

COUNT FIVE: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

120. Pursuant to Fed. R. Civ. P. 10 (c) the statements made in paragraphs 1-119 of this pleading are adopted by reference and incorporated into this count.

121. Defendants owed a duty to Plaintiff to keep his personal information confidential and to operate with a standard of care like a reasonable prudent law enforcement agency would.

122. Defendants owed a duty to Plaintiff pursuant to the policy's set forth in the manual for the Police department to not publish or otherwise record his information.

123. Defendant's owed a duty to Plaintiff to handle his information with due care.

124. Plaintiff was a direct victim of a defendant's negligence.

125. Plaintiff suffered damages to his reputation, mental anguish, emotional distress, anxiety, embarrassment, suffering in the body, and mental suffering.

126. The City is liable directly or under vicarious liability.

WHEREFORE, Plaintiffs prays this honorable court enter an order against the Defendant's finding Defendants liable requiring the Defendants to pay damages, costs, and attorney's fees, in an amount not less than $1,000,000.00, any other relief the court sees fit.

COUNT SIX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

127. Pursuant to Fed. R. Civ. P. 10 (c) the statements made in paragraphs 1-126 of this pleading are adopted by reference and incorporated into this count.

128. The Defendants engaged in conduct that was truly extreme and outrageous.

129. The Defendants intended to inflict severe emotional distress or knew that there was a high probability that his actions would cause severe emotional distress.

130. As a result of the defendant's conduct, plaintiff actually suffered severe emotional distress.

131. The distress inflicted is so severe that no reasonable person could be expected to endure it.

132. The Defendants conduct was extreme and outrageous.

133. Plaintiff suffered damages to his reputation, mental anguish, emotional distress, anxiety, embarrassment, suffering in the body, and mental suffering.

WHEREFORE, Plaintiffs prays this honorable court enter an order against the Defendant's finding Defendants liable requiring the Defendants to pay damages, punitive damages, costs, and attorney's fees, in an amount not less than $1,000,000.00, any other relief the court sees fit.

### COUNT SEVEN: VIOLATION OF ILLINOIS STATE CONSTITUTIONAL RIGHTS TO PRIVACY, DUE PROCESS, AND INIVIDUAL INTEGRITY

134. Pursuant to Fed. R. Civ. P. 10 (c) the statements made in paragraphs 1-133 of this pleading are adopted by reference and incorporated into this count.

135. The Plaintiff has a constitutional right under section 2, 6, and 20 of the Illinois State Constitution.

136. The Plaintiff was deprived of the above-mentioned constitutional rights in violation of the State Constitution

137. The Defendants intentionally caused this deprivation.

138. The Defendants acted under color of law.

17

139. The Plaintiff suffered harm, embarrassment, reputational harm, public ridicule, medical costs, and severe emotional distress.

140. The Plaintiff must now incur costs to clear his internet reputation

141. Defendant's acted with willful malice.

142. The conduct shocks the conscience.

WHEREFORE, Plaintiffs prays this honorable court enter an order against the Defendant's finding Defendants liable requiring the Defendants to pay damages, punitive damages, costs, and attorney's fees, in an amount not less than $1,000,000.00, any other relief the court sees fit.

## COUNT EIGHT: NEGLIENCE

143. Pursuant to Fed. R. Civ. P. 10 (c) the statements made in paragraphs 1-142 of this pleading are adopted by reference and incorporated into this count.

144. Defendants owed a duty to Plaintiff to keep his personal information confidential and to operate with a standard of care like a reasonable prudent law enforcement agency would.

145. Defendants owed a duty to Plaintiff pursuant to the policy's set forth in the manual for the Police department to not publish or otherwise record his information.

146. Defendant's owed a duty to Plaintiff to handle his information with due care.

147. Defendant breached these duties by publishing Plaintiff's information which included a false statement of fact.

148. Defendants breached these duties by improperly posting the information on the wall, recording such information on the phone, and then publishing Plaintiff's information which included a false statement of fact.

149. Defendant city also breached its duty to supervise the Chief of Police or properly train him on the use of social media, recording, and otherwise the handling of records and information.

150. Plaintiff suffered damages to his reputation, mental anguish, emotional distress, anxiety, embarrassment, suffering in the body, and mental suffering.

151. The City is liable directly or under vicarious liability

WHEREFORE, Plaintiffs prays this honorable court enter an order against the Defendant's finding Defendants liable requiring the Defendants to pay damages, , costs, and attorney's fees, in an amount not less than $1,000,000.00, any other relief the court sees fit.

## COUNT EIGHT:  GROSS NEGLIENCE

152. Pursuant to Fed. R. Civ. P. 10 (c) the statements made in paragraphs 1-151 of this pleading are adopted by reference and incorporated into this count.

153. Defendants owed a duty to Plaintiff to keep his personal information confidential and to operate with a standard of care like a reasonable prudent law enforcement agency would.

154. Defendants owed a duty to Plaintiff pursuant to the policy's set forth in the manual for the Police department to not publish or otherwise record his information.

155. Defendants owed a duty to Plaintiff to handle his information with due care.

156.  Defendants breached these duties by improperly posting the information on the wall, recording such information on the phone, and then publishing Plaintiff's information which included a false statement of fact.

157. Plaintiff suffered damages to his reputation, mental anguish, emotional distress, anxiety, embarrassment, suffering in the body, and mental suffering.

158. The City is liable directly or under vicarious liability.

19

159. The Defendants acted with a is a conscious and voluntary disregard of the need to use reasonable care, which was likely to and did cause cause foreseeable grave injury or harm to persons, property, or both.

160. The conduct of Defendants is extreme.

WHEREFORE, Plaintiffs prays this honorable court enter an order against the Defendant's finding Defendants liable requiring the Defendants to pay punitive damages, costs, and attorney's fees, in an amount not less than $1,000,000.00, any other relief the court sees fit.

COUNT 9: 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT VIOLATION EQUAL PROTECTION

161. Plaintiffs incorporates all paragraphs of this complaint as though fully set forth herein.

162. Plaintiffs are all African American.

163. Upon information and belief, based on the exhibits, all of the individuals who had their pictures and personal information shared by Defendant Cook were minorities.

164. Upon information and belief, based on the exhibits, even though white individuals have committed criminal acts in the City of Evanston, Defendant Cook did not publicly share booking photographs and personal information of white civilians.

165. The disparagement treatment between minorities and Caucasians in publicly sharing minority civilian's personal information had no legitimate governmental purpose.

166. By treating minority civilians and Caucasian civilians in such a different manner, Defendant Cook violated Plaintiffs' right under the Fourteenth Amendment to Equal Protection.

167. As a result of Defendant Cook's conduct, Plaintiffs suffered damages.

20

WHEREFORE, Plaintiff prays for a judgment in their favor and against Defendant Cook on this count and requests an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief that is just.

### COUNT 10: 42 U.S.C. § 1983 - MONELL POLICY CLAIM

168. Plaintiffs incorporates all paragraphs of this complaint as though fully set forth herein.

169. During the relevant time, Defendant Cook was the final policymaker for the City of Evanston's police department; he had the authority to supervise and deploy personnel and resources, develop and implement the police department's goals and policies, and overall monitoring of the police department's performance and divisions.

170. As alleged above, Defendant Cook violated Plaintiffs' constitutional rights.

171. As the final policymaker, Defendant Cook's misconduct in violating Plaintiffs constitutional rights subjects Defendant City of Evanston to direct liability under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for a judgment in their favor and against Defendant City of Evanston on this count and requests an award of compensatory damages, attorneys' fees, costs, and any other relief that is just.

### COUNT 11: ILLINOIS STATE LAW – WILLFUL AND WANTON CONDUCT

172. Plaintiffs incorporates all paragraphs of this complaint as though fully set forth herein.

173. During the relevant time, Defendant Cook was the agent and/or employee of Defendant City of Evanston, who is responsible under the legal theory of *Respondeat Superior*

174. During the relevant time, Defendant Cook and Defendant City of Evanston were under a duty to refrain from willful and wanton conduct

175. Defendant Cook and Defendant City of Evanston breached their duty by

    a.   Releasing personal information of African American civilians, including Plaintiffs, via social media

    b.   Posting inaccurate information, such as "in custody" for individuals not in the custody of any correctional facility, "DOA" to indicate an individual is deceased, and "HIV" to suggest an individual had a communicable disease;

    c.   Making public comments that the booking photos of civilians – many several years old and of individuals who are deceased – were used to assist Defendant Cook with an "ongoing investigation" into criminal activity; and

    d.   Were otherwise willful and wanton.

176. Defendant Cook and Defendant City of Evanston's conduct was done intentionally or with a reckless disregard for the health or safety of Plaintiffs and the other African- American's who had their personal information released.

177. As a result of Defendant Cook's and Defendant City of Evanston's conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiffs pray for a judgment in their favor and against Defendants on this count and requests an award of compensatory damages, costs, and any other relief that is just.

## COUNT 12: ILLINOIS STATE LAW - INDEMNIFICATION

178.   Plaintiffs incorporates all paragraphs of this complaint as though fully set forth herein.

179.   During the relevant time, Defendant Cook was as employee of Defendant City of Evanston and acted within the scope of his employment.

180.   Pursuant to 745 ILCS 10/9-102, Defendant City of Evanston is required to indemnify public employees – such as Defendant Cook – for any judgment against a public employee

for acts or omissions done within the scope of their employment and is required to indemnify any employee for any judgment for acts or omissions done within the scope of their employment.

181.     WHEREFORE, Plaintiffs pray that Defendant City of Evanston be required to indemnify Defendant Cook for any award of compensatory damages, attorneys' fees, and costs awarded against these defendants.

JURY DEMAND

Plaintiff demands a jury of 12 persons on any issue in this complaint triable of right by a jury

/S/ Ilia Usharovich
Ilia Usharovich
224 S. Milwaukee Ave Suite G
Wheeling, Illinois 60090
Telephone: 847-264-0435
Facsimile: 224-223-8079
Attorney Number: 6302193

One of the Attorneys for Plaintiff