IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN LOGAN<br>PLAINTIFF<br><br>V.<br><br>CITY OF EVANSTON, and<br>EVANSTON POLICE CHIEF<br>DEMITROUS COOK, IN HIS PERSONAL<br>AND OFFICIAL CAPACITY.<br><br>DEFENDANTS | Case No. 20CV1323 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to the Court's orders entered on 6/21/2020 and 6/23/2020 the Plaintiff presents this response to Defendants' motion to dismiss the amended complaint.

A. PLAINTIFF **STATED** A PROPER OFFICIAL CAPACITY CLAIM

Defendants first assert that dismissal of the official capacity claim is proper for the following reason:

> "Plaintiff fails to identify any City policy that served to establish liability pursuant to Section 1983. It is not enough for Plaintiff to merely allege that a City policy was broken, Plaintiff must allege the City or EPD had a policy that served to violate his constitutional rights.

This is assertion is incorrect. A plaintiff may prove the municipal policy or custom element for municipal liability under § 1983 through a decision by a final decisionmaker. *Bridges v. Dart*, 950 F.3d 476 (7th Cir. 2020). In paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 41, 42, 43, and 62 of the Plaintiff's amended complaint Plaintiff presented allegations that the constitutional injury was caused by a person with "final decision policymaking authority". See *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) See Docket entry 23. As a result, Plaintiff properly alleged the

1

municipal policy or custom element for municipal liability under § 1983 through decision by a final decisionmaker.

Defendants then assert:

"Finally, Plaintiff fails to plead a pattern or practice of activity sufficient to state a cause of action under Section 1983"

This assertion is also incorrect. Municipal liability may attach to a single decision of a municipal official if that municipal official is responsible under state law for making policy in that area of the city's business. _City of St. Louis v. Praprotnik_, 485 U.S. 112, 123, 108 S. Ct. 915, 924, 99 L. Ed. 2d 107 (1988). See also _Angara v. City of Chicago_, 947 F. Supp. 1252, 1256 (N.D. Ill. 1996). See _Busa v. B_arnes, 646 F. Supp. 615 (N.D. Ill. 1986)( Former state employees adequately pleaded existence of municipal custom, policy or practice so as to state § 1983 claim against agency commissioner in his official capacity for retaliatory discharge, where they alleged that they were discharged from positions with department by commissioner for political reasons, and that commissioner was delegated authority to make final decisions regarding employment of department employees.) See also _Fairley v. Andrews_, 430 F. Supp. 2d 786 (N.D. Ill. 2006), aff'd sub nom. _Fairley v. Fermaint_, 482 F.3d 897 (7th Cir. 2007).

In paragraphs 8, 9, 10, 11, 12, 13, 15 169, 170, and 171 of the amended complaint Plaintiff alleged that Defendant Cook was a municipal officer and was responsible under state law for making policy in that area of the city's business. These allegations coupled with the City Ordinance are sufficient to state a cause of action against Defendant City of Evanston. Defendants are sufficiently on notice as to what plaintiff's cause of action is and the relevant conduct which allegedly gives rise to the action. See _Angara v. City of Chicago_, 947 F. Supp. 1252, 1257 (N.D. Ill. 1996).

2

Defendants then assert:

"In this case, Plaintiff does not allege EPD had a written policy or a widespread practice of disclosing photographs of persons of interest with identifying information. Therefore, to establish a custom or practice for purposes of Section 1983, Plaintiff must plead that such actions occurred more than once. Plaintiff cannot and does not allege this to be the case. Instead, Plaintiff alleges mere legal conclusions such as, Defendant Cook "was the final policymaker for the City of Evanston's police department as chief of police."

This assertion is also incorrect. As explained earlier, Municipal liability may attach to a single decision of a municipal official if that municipal official is responsible under state law for making policy in that area of the city's business. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915, 924, 99 L. Ed. 2d 107 (1988). See also *Angara v. City of Chicago*, 947 F. Supp. 1252, 1256 (N.D. Ill. 1996). See *Busa v. B*arnes, 646 F. Supp. 615 (N.D. Ill. 1986) See also *Fairley v. Andrews*, 430 F. Supp. 2d 786 (N.D. Ill. 2006), aff'd sub nom. *Fairley v. Fermaint*, 482 F.3d 897 (7th Cir. 2007). Moreover, in paragraphs 8, 9, 10, 11, 12, 13, 15, 169, 170, and 171 of the amended Complaint Plaintiff presented sufficient facts and allegations that Defendant Cook was a municipal officer and was responsible under state law for making policy in that area of the city's business. Additionally, Paragraphs 85, 26, 41, 80, 148, 156, 21, and 26 of the amended complaint show that the Defendant City allowed for the statement to be posted on the property it owned, knew it was posted for some time, allowed for other persons to see it, and otherwise failed to remove the property from the wall or cover it up and had a deliberate indifference to the rights of Plaintiff and others.

B. PLAINTIFF **STATES** A CLAIM FOR VIOLATION OF THE FOURTEENTH AMENDMENT

Defendants next assert that dismissal is proper because:

"Plaintiff's alleged right to privacy regarding the disclosure of private facts is not secured by the federal constitution. *Katz v. U.S.*, 389 U.S. 347, 350 (1957)."

3

This assertion is incorrect and intellectually dishonest. While there is no "right of privacy" found in any specific guarantee of the Constitution, the Court has recognized that "zones of privacy" may be created by more specific constitutional guarantees and thereby impose limits upon government power. <u>Paul v. Davis</u>, 424 U.S. 693, 712–13, 96 S. Ct. 1155, 1166, 47 L. Ed. 2d 405 (1976). One element of privacy has been characterized as 'the individual interest in avoiding disclosure of personal matters. <u>Nixon v. Adm'r of Gen. Services</u>, 433 U.S. 425, 457, 97 S. Ct. 2777, 2797, 53 L. Ed. 2d 867 (1977). A review of the complaint shows the Plaintiffs have adequately alleged a violation of the confidentiality or non-disclosure branch of the right to privacy, as recognized by the Supreme Court in <u>Whalen v. Roe</u>. <u>Shirshekan v. Hurst</u>, 669 F. Supp. 238, 242 (C.D. Ill. 1987). Moreover, dismissal at this stage of the proceedings is improper because Constitutional due process right to privacy cases necessarily require fact-intensive and context-specific analyses. <u>Shirshekan v. Hurst</u>, 669 F. Supp. 238, 242 (C.D. Ill. 1987) <u>Doe by & through Doe v. Boyertown Area Sch. Dist</u>., 897 F.3d 518 (3d Cir. 2018), cert. denied sub nom. Doe v. Boyertown Area Sch. Dist., 139 S. Ct. 2636, 204 L. Ed. 2d 300 (2019). See also <u>Doe v. Se. Pennsylvania Transp. Auth</u>. (SEPTA), 72 F.3d 1133 (3d Cir. 1995). See <u>Scheetz v. The Morning Call, Inc.</u>, 946 F.2d 202 (3d Cir. 1991). See also <u>Fadjo v. Coon</u>, 633 F.2d 1172 (5th Cir. 1981). Also, in paragraphs 90-97 Plaintiff alleged that alleged HIV information at issue is within an individual's reasonable expectations of confidentiality, that this type of medical privacy is fundamental or implicit in the concept of ordered liberty, Plaintiff had an individual interest in avoiding disclosure of personal matters, the information disclosed was highly personal, and the government had no basis for disclosure. Accordingly, Defendants assertion is incorrect as a matter of law.

>Defendants then assert:
>
>"With respect to Plaintiff's claim regarding substantive due process, Dkt. 1, ¶ 59, Plaintiff's Complaint fails to allege sufficient facts evincing any action by the City that was arbitrary or wrongful."

This assertion is also incorrect. Within the amended complaint Plaintiff alleged that the chief of police posted a picture of Plaintiff, the name of Plaintiff, Date of Birth of Plaintiff, alleged address of Plaintiff, and that the Plaintiff was HIV positive, on his personal social media account. That in doing so the Chief of Police violated and disregarded multiple rules when doing so and that this was done intentionally. Plaintiff also alleged that the information was posted on the wall of property owned by the Defendant City and the City failed to remove it and allowed for others to view the statement. These acts challenged do more than offend some fastidious squeamishness or private sentimentalism, they shock the conscience, especially because the conduct was done by the Chief of Police, the items were posted on the wall of property owned by the Defendant City, the Defendant City and Police have no legitimate reason for such conduct, the personal nature of the information disclosed, the failure to remove the information from the all, and again the conduct was intentional.

>Defendants next assert:
>
>In this case, Plaintiff attempts to base his claim of equal protection on race, alleging the individuals in all the photos released were minorities despite white civilians also having been arrested by Evanston Police. Dkt. 22 ¶¶ 68-71; 161-67. However, Plaintiff fails to allege sufficient facts evincing any white civilians were similarly situated—that is Plaintiff fails to allege sufficient facts showing white civilians were persons of interest in Cook's investigation. Plaintiff is similarly situated to the other men whose photographs were published; however, Plaintiff fails to plead sufficient facts showing the posting of his picture served to treat him differently and had no rational basis, nor does he plead any facts showing the picture posted was because of his race. Indeed, Plaintiff's Complaint references a public statement made by Defendant Cook on February 21, 2020 wherein Cook stated the photographs were posted accidentally. Dkt. 22 ¶ 22; see also https://evanstonnow.com/story/public-safety/bill-smith/2020-02-21/84207/chief-accidentallysnapchats- photos-of-suspects. "[I]t is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment."

> Frederickson, 943 F.3d at 1060 (quoting City of New Orleans v. Dukes, 427 U.S. 297, 303-04 (1976). Plaintiff fails to allege any facts to support a plausible inference that his photograph was posted arbitrarily in an attempt to discriminate against him. Accordingly, his class of one equal protection claim must fail.

This assertion is also incorrect. First, "[a] class of one equal protection claim may be brought where (1) the plaintiff alleges that he has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment or the cause of the differential treatment is a 'totally illegitimate animus' toward the plaintiff by the defendant. Lunini v. Grayeb, 395 F.3d 761, 768 (7th Cir. 2005), *as amended on denial of reh'g and reh'g en banc (Mar. 4, 2005).* Plaintiff has alleged that Defendant Cook and the Defendant City acted intentionally. See Paragraphs 176, 13, 37, 54, 59, 63, 84, 89, 137 of the amended complaint. The Plaintiff also alleged he was treated different from others similarly situated. Specifically, Plaintiff alleged that White arrestees/suspects were treated differently that black arrestees/suspects in that black arrestees such as Defendant had their information published on social media publicly, but white arrestees were not treated this way and did not have their information shared. See Paragraphs 163, 164, 165, 166 of Plaintiff's Amended Complaint. Lastly, Plaintiff alleged no rational basis for the difference in treatment in paragraph in 165 of the amended complaint.

Defendants next assert that Defendant Cook is entitled to qualified immunity, Specifically:

> "In this case, the right Plaintiff's Complaint purports to assert is not clearly established. There is no statute, nor common law "factually similar to the one under review" that clearly establishes the publication of Plaintiff's photograph, date of birth, address and the words "pending HIV" would be an obvious violation of his constitutional rights."

This assertion is also untrue. Qualified immunity shields federal and state officials from money damages unless a Plaintiff pleads facts showing (1) that the official violated a statutory or

6

constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct. See *John K. Maciver Inst. for Pub. Policy, Inc. v. Schmitz*, 885 F.3d 1004, 1015 (7th Cir. 2018). Plaintiff plead facts showing that the official violated certain statutory or constitutional rights in paragraphs 75, 76, 77, 78, 79, and 80 of the amended complaint. A review of the complaint also shows the Plaintiffs have adequately alleged a violation of the confidentiality or non-disclosure branch of the right to privacy, as recognized by the Supreme Court in *Whalen v. Roe*. See *Shirshekan v. Hurst*, 669 F. Supp. 238, 242 (C.D. Ill. 1987). *Paul v. Davis*, 424 U.S. 693, 712–13, 96 S. Ct. 1155, 1166, 47 L. Ed. 2d 405 (1976), *Nixon v. Adm'r of Gen. Services*, 433 U.S. 425, 457, 97 S. Ct. 2777, 2797, 53 L. Ed. 2d 867 (1977). The Plaintiff has also alleged conduct which is shocking of the conscience. Moreover, dismissal at this stage is improper because Constitutional due process right to privacy cases necessarily require fact-intensive and context-specific analyses. *Shirshekan v. Hurst*, 669 F. Supp. 238, 242 (C.D. Ill. 1987) *Doe by & through Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518 (3d Cir. 2018), cert. denied sub nom. Doe v. Boyertown Area Sch. Dist., 139 S. Ct. 2636, 204 L. Ed. 2d 300 (2019). See also *Doe v. Se. Pennsylvania Transp. Auth*. (SEPTA), 72 F.3d 1133 (3d Cir. 1995). See Scheetz v. The Morning Call, Inc., 946 F.2d 202 (3d Cir. 1991). See also *Fadjo v. Coon*, 633 F.2d 1172 (5th Cir. 1981) See also *Shirshekan v. Hurst*, 669 F. Supp. 238, 242 (C.D. Ill. 1987)

C. THIS COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION.

Defendants next assert that "This Court should choose not to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367(c)(3)." However, this assertion is premature in that nothing has been dismissed by this court nor are there any valid reasons for dismissal presented by Defendants. For the reasons set forth earlier and below, this court should not dismiss any of the claims presented by Plaintiff.

7

D. PLAINTIFF'S STATE LAW CLAIMS **SHOULD NOT BE** DISMISSED

Defendants next assert:

> In this case, the statement at issue is the posting of Plaintiff's photograph, date of birth, and last known address with the words "pending HIV" written next to his name. Dkt. 1-1; 22-1. Plaintiff alleges this statement imputes Plaintiff is infected with a loathsome communicable disease. Dkt. 22, ¶¶ 99-100;109-110; *Tuite*, 224 Ill.2d at 501. However, in reviewing the plain meaning of the statement and the context in which it is alleged to have been made, it is clear results of an HIV test were pending, not that Plaintiff was, in fact, HIV positive. Dkt. 22-1; 1-1. Clearly, this is the more reasonable construction. Even if it could reasonably be construed that Plaintiff was HIV positive, the City is entitled to an innocent construction regarding these statements. Muzikowski, 322 F.3d at 925 ("If a statement is capable of two reasonable constructions, one defamatory and one innocent, the innocent one will prevail."). Accordingly, Plaintiff cannot state a claim for defamation or defamation per se; consequently, these claims must be dismissed.

However, the statement made to the public **could not reasonably**, without undue strain, be interpreted as not being defamatory per se or as otherwise being innocent because the word "test" or "results" or "pending test results" is not present in the statement. To get the full context of a statement in order to determine whether the statement is defamatory per se, at the motion to dismiss stage, courts must consider not only the complaint itself, but also documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. See *Burlet v. Baldwin*, 18 CV 05875, 2020 WL 1666455 (N.D. Ill. Apr. 3, 2020). The innocent construction rule does not require courts to strain to find an unnatural innocent meaning for a statement when a defamatory meaning is far more reasonable. *Tirio v. Dalton*, 2019 IL App (2d) 181019, ¶ 35, 144 N.E.3d 1261, 1274, appeal allowed, 140 N.E.3d 259 (Ill. 2020). In so deciding, "courts must interpret the words 'as they appeared to have been used and according to the idea they were intended to convey to the reasonable reader. " *Tuite*, 224 Ill. 2d at 512, 310 Ill.Dec. 303, 866 N.E.2d at 127 (quoting *Bryson*, 174 Ill. 2d at 93, 220 Ill.Dec. 195, 672 N.E.2d at 1217). Maui Jim, Inc. v. SmartBuy Guru Enterprises, 386 F. Supp. 3d 926, 943 (N.D. Ill. 2019).

8

Reviewing the record, including the amended complaint, the exhibits, and the motion to dismiss, it is clear the words "test" or "result", "HIV test Pending", or "Pending HIV test", or any mention of any HIV test is not present in the statement. See Docket Entry 1 exhibits 1-5 , See Docket Entry 23. Moreover, the word "Pending" is not in the same sentence as the word "HIV", is in smaller uncapitalized letters, is written horizontal, and is separate and distinct from the word "HIV". In fact, the word HIV is being written vertically, in upper case bold letters, and next to Defendant's image and name communicating the alleged HIV status of the Plaintiff. Also, when compared to the other photos and information of other persons disclosed the word pending can be related to the status custody of the Plaintiff or arrest or other police term, while the word HIV clearly indicates or leads a reasonable person to believe Plaintiff is HIV positive. The context is also important in that a Government body or police department issued this statement and photo without any mention of HIV testing pending or explanation as to why the statement was made or what context it was released for. It is also important to note ***the Government could have written out Pending HIV test results next to the picture but did not and the government had sufficient room to do so but did not***. Also, the Defendant and the City did not assert this interpretation at any time prior to filing this motion to dismiss and Defendant Cook did not mention this in his public apology cited to in the Defendants' motion by Defendants. Given the plain words and the context, it's clear the Defendants are asking the court to put an undue strain on the meaning behind the statements by adding words and meanings that don't exist, such as "test" and "results" or "pending HIV test results"

Moreover, when considering allegedly defamatory statements under the innocent construction rule, courts must interpret the words "as they appeared to have been used and according to the idea they intended to convey to the reasonable reader, they must not add new

word. "The rule "does not require courts to strain to find an unnatural innocent meaning for a statement when a defamatory meaning is far more reasonable. [Citations Omitted] It also does not require courts "to espouse a naïveté unwarranted under the circumstances." *Giant Screen Sports v. Canadian Imperial Bank Of Commerce*, 553 F.3d 527, 533 (7th Cir. 2009). The defamatory statement did not contain the term "test"," results", or "pending HIV test results". The Defendants wish to argue that the plain meaning of the statement is that the results of an HIV test were pending, not that Plaintiff was, in fact, HIV positive. However, again the word "test" or "Results" was never present in the defamatory communication and such a construction is not reasonable or allowed as a matter of a law. Again, the Courts will not strain to interpret allegedly defamatory words in their mildest and most inoffensive sense in order to hold them nonlibellous under the innocent construction rule.

> Defendants next assert:
>
> The City cannot be liable for any "injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material." 745 ILCS 10/2-107

However, the plain language of section 2-107 protects municipalities from the actions of its employees that are "libelous or slanderous or for the provision of information." The critical language is that, in order for the immunity to have application to the municipality, the employees' actions must be injurious. See *Lyons Twp. ex rel. Kielczynski v. Vill. of Indian Head Park*, 2017 IL App (1st) 161574, ¶ 29, 84 N.E.3d 1118, 1127, as modified on denial of reh'g (June 23, 2017). Plaintiff's state law claims also allege that the City's own actions were injurious and are not all related to the provision of information or defamation. See Paragraphs 85, 26, 41, 80, 148, 156, 21, 26, 41. Also, not all of Plaintiff's claims are subject to this statute since they are other torts which are not covered by this section. As such, at this time of the proceeding it is not

10

clear whether section 2-107 protects Defendant city and this argument is premature, conclusory, and should be asserted as an affirmative defense rather than part of the motion to dismiss.

>  Defendant City next asserts:
>
>> A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109. Cook is immune from Plaintiff's state law claims pursuant to 745 ILCS 10/2-2105; therefore, the City cannot be liable.

However, 745 ILCS 10/2-210 provides that:

"A public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material.

Plaintiffs have alleged that Defendant Cook acted intentionally, wantonly and willfully. Plaintiffs are not required to articulate a more specific theory of wanton and willful behavior at this stage of the litigation. Federal notice pleading merely requires that knowledge, intent, and other conditions of the mind be averred generally. Fed.R.Civ.P. 9(b). *See also Bennett v. Schmidt,* 153 F.3d 516 (7th Cir.1998) (discussing generally the requirements of federal notice pleading). See Carlson ex rel. Stuczynski v. Bremen High Sch. Dist. 228, 423 F. Supp. 2d 823, 830 (N.D. Ill. 2006). Accordingly, this assertion is also incorrect as matter of law, premature, conclusory, and should be asserted as an affirmative defense within an answer.

> Defendants then asserts:
>
>> "In an attempt to plead round Local Governmental Tort Immunity, Plaintiff's Complaint alleges the City and Defendant Cook engaged in willful and wanton conduct. Dkt. 22, ¶ 174. However, Illinois does not recognize a private right of action for "willful and wanton conduct." El-Uri v. City of Chicago, 186 F.Supp.2d 844, 850 (N.D. Ill 2002) (BUCKLO, J) (citing Ziarko v. Soo Line R. Co., 161 Ill.2d 267 (1994) (holding there is no independent tort of 'willful and wanton conduct.'"

However, while it is true there "is no separate and independent tort of willful and wanton conduct .... It is regarded as an aggravated form of negligence." Krywin v. Chicago Transit

11

Auth., 238 Ill.2d 215, 345 Ill.Dec. 1, 938 N.E.2d 440, 452 (2010). So to "recover damages based upon a defendant's alleged negligence involving willful and wanton conduct," a plaintiff must still allege, and later prove, that the "defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injury." *Id.* The difference, however, is that the plaintiff must also "allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Doe ex rel. Ortega-Piron*, 289 Ill.Dec. 642, 820 N.E.2d at 423. *Doe v. Bd. of Educ. of City of Chicago*, 19 C 00263, 2020 WL 1445638, at *14 (N.D. Ill. Mar. 24, 2020). Despite the improper caption Plaintiff has plead the required elements mentioned above in the amended complaint.

Wherefore, the Defendants' motion to dismiss must be denied as a matter of law and fact.

/S/ Ilia Usharovich
Ilia Usharovich
224 S. Milwaukee Ave Suite G
Wheeling, Illinois 60090
Telephone: 847-264-0435
Facsimile: 224-223-8079
Attorney Number: 6302193

One of the Attorneys for Plaintiff