UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 1323 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Matthew F. Kennelly |
| CITY OF EVANSTON, a municipal corporation, | ) | |
| and EVANSTON POLICE CHIEF DEMITROUS | ) | |
| COOK, in his personal and official capacity | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Defendant, CITY OF EVANSTON, a municipal corporation (hereafter the "City"), by and through its attorney NICHOLAS E. CUMMINGS, Corporation Counsel, and through Michelle Hemphill Ozuruigbo, Deputy City Attorney and Alexandra Ruggie, Assistant City Attorney, submits this Memorandum of Law in support of its Rule 56 Motion for Summary Judgment.

**INTRODUCTION**

Plaintiff Kevin Logan, brings this action pursuant to 42 U.S.C. § 1983 of the United States Code. Defendant's Local Rule 56.1 Statement of Facts ("Def. SOF") ¶ 1. Plaintiff sues the City of Evanston and former Evanston Chief of Police Demitrous Cook ("Cook") in his personal and official capacity (collectively "Defendants"). Def. SOF ¶ 3. Specifically, Plaintiff alleges the Defendants violated his rights secured by the Fourth and Fourteenth Amendments. Def. SOF ¶ 4. For the reasons stated herein, the City is entitled to judgment as a matter of law because the evidence in the record does not support Plaintiff's claims.

## **STANDARD OF REVIEW**

Under Rule 56(c), summary judgment is proper "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the court must view all facts and reasonable inferences in favor of the nonmoving party, those inferences must be both reasonable *and* find support in the record. *Samuelson v. LaPorte Cnty. Sch. Corp.*, 526 F.3d 1046, 1051 (7th Cir. 2008). *See also Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010) (emphasis added); *see also Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) (the court is not required to accept unreasonable factual inferences). The court is also not required to draw "[i]nferences that are supported by only speculation or conjecture." *Fischer v. Avanade, Inc.*, 519 F.3d 393, 401 (7th Cir. 2008) (quoting *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004)).

Summary judgment must be entered against the non-moving party where that party "fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, at 322. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008). The nonmoving party may not defeat summary judgment by resting on the pleadings, but must affirmatively demonstrate, by specific facts, that there is a genuine issue of material fact that requires trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 11 (1986) (citing Fed. R. Civ. P. 56(e)); *see Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 626 (7th Cir. 2006).

"A party that does not bear the burden of persuasion [at trial] may move for summary judgment by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Madrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)) (internal quotations omitted); *see also* Advisory Committee Notes on 2010 Amendments to Fed. R. Civ. P. 56 ("[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.") "If, after an adequate opportunity for discovery, 'the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against her." *Id*., citing *Waldridge v. American Hoechst Corp*., 24 F.3d 918, 920 (7th Cir. 1994)) (emphasis original).

## STATEMENT OF FACTS

In February 2020, Cook, using his personal cell phone, took a picture of an array of photographs and published those pictures to his personal Snapchat account. (Def. SOF ¶ 5). Cook published the photos to his personal snapchat by mistake and did not consider the race of any of those depicted when he accidentally uploaded the photos. (Def. SOF ¶ 6). The photo array consisted of mugshots of individuals previously arrested by Evanston Police. (Def. SOF ¶ 7). The mugshots were taped to the back of a door in the City of Evanston Police Department Neighborhood Enforcement Team (NET) office. (Def. SOF ¶ 8). The NET Unit is a secure office in the police department building. (Def. SOF ¶ 9). There are very few people with access to the office; even Cook does not have keys. (Def. SOF ¶ 10).

Snapchat is not an application provided by the City of Evanston, nor does the Evanston Police Department use Snapchat as part of the City's social media. (Def. SOF ¶ 11). Cook does

3

not know how the photo array came to be on the back of the door in the NET office, nor did he authorize its placement. (Def. SOF ¶ 12). Neither Cook, nor the City of Evanston has knowledge or a record of Plaintiff having HIV. (Def. SOF ¶ 13).

Plaintiff has been arrested by Evanston Police and sheriffs in Des Plaines. (Def. SOF ¶ 14). Plaintiff was last tested for HIV in 2017, prior to being transferred from Cook County Jail to the Illinois Department of Corrections. (Def. SOF ¶ 15). Plaintiff does not know Cook personally; however, Plaintiff's mother knows Cook. (Def. SOF ¶ 16). Plaintiff is unaware of any Evanston police officer with a personal issue or grudge against him. (Def. SOF ¶ 17). Plaintiff is unsure whether the Evanston Police Department was provided with information indicating Plaintiff was subjected to HIV testing. (Def. SOF ¶ 18). Plaintiff acknowledges the full wording next to his photo indicates that whoever wrote it was awaiting test results and that there was nothing in the photograph indicating he was HIV positive. (Def. SOF ¶ 19). Plaintiff does not have HIV. (Def. SOF ¶ 20).

Evanston Police Department policy allows for discipline to be issued for failure to follow or ordering a subordinate to violate any policy, procedure, rule, order, directive, requirement or failure to follow department or City manuals. (Def. SOF ¶ 21). The Evanston Police Department maintains policies regulating the use of social media on behalf of the Department as well as social media use by employees. (Def. SOF ¶ 22). Evanston Police Department Policy regarding Department use of social media prohibits the posting "any information that violates individual rights, including confidentiality and/or privacy rights and those provided under state, federal or local laws." (Def. SOF ¶ 23). Evanston Police Department Policy regarding employee use of social media prohibits speech that tends to compromise the Department's professionalism and the "use or disclosure, through whatever means, of any information, photograph, video or

4

other recording obtained or accessible as a result of employment with the Department for financial or personal gain, or any disclosure of such materials without the express authorization of the Chief of Police or the authorized designee." (Def. SOF ¶ 24).

The Evanston Police Department has a policy governing the use of personal communication devices and prohibits the use of such devices to take pictures, make audio or video recordings or make copies of pictures or recordings unless it is directly related to Department business. (Def. SOF ¶ 25). The Evanston Police Department has policies regarding the conduct of investigations and how records are maintained and released. (Def. SOF ¶ 26). Evanston Police Department policy allows for the use of social media to aid in a criminal investigation. (Def. SOF ¶ 27). Evanston Police Department policy regarding the maintenance and release of records restricts the release of certain records, including but not limited to personal identifying information, private information, confidential information, records regarding juveniles, and information contained in public records that would constitute an unwarranted invasion of personal privacy. (Def. SOF ¶ 28). The photo array published by Cook contained photographs of juveniles. (Def. SOF ¶ 32).

The Evanston Police Department has an employee manual which includes a section on prohibited conduct. (Def. SOF ¶ 29). The Evanston Police Department employee manual prohibits the dissemination, release, altering, defacing, removal or destruction of department records or information concerning police matters, except as provided by department orders or directives. (Def. SOF ¶ 30). The Evanston Police Department employee manual admonishes the failure to treat official business of the department as confidential. (Def. SOF ¶ 31).

When Cook published the photo array, he did not intend to change Evanston Police Department policy. (Def. SOF ¶ 33). Cook was suspended for three days by the City Manager

as a result of his actions. (Def. SOF ¶ 34). Cook was suspended for violating Rules 42 and 43 of Section 8 of the City of Evanston Police Department Employee Manual; and policies 701.5(d) and 1030.4 of the Evanston Police Department Policy Manual. (Def. SOF ¶ 35). Although Cook is the head of the police department, he is accountable to the City Manager, the administrative head of the City. (Def. SOF ¶ 36).

## ARGUMENT

I. **THE CITY OF EVANSTON IS ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE THERE IS NO GENUINE ISSUE OF FACT AND INSUFFICIENT EVIDENCE IN THE RECORD TO ESTABLISH A CLAIM THAT THE CITY VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS.**

Plaintiff alleges the City violated his rights secured by the Fourth and Fourteenth Amendments (Def. SOF ¶ 4)[1]. To sustain his Fourth and Fourteenth Amendment claims against the City, Plaintiff must present sufficient evidence to show the City: "(1) has an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well settled as to constitute a custom or practice or [where there is] (3) an allegation that the constitutional injury was caused [by] a person with final policymaking authority.'" *Pindak v. Dart et. al.*, 2013 U.S. Dist. Lexis 41624 (N.D. Ill. 2013, PALLMEYER, J.)(citing *Teesdale v. City of Chicago*, 690 F. 3d 829, 834 (7th Cir. 2012)).

In this case, there is no evidence in the record of any written City policy or practice that is so widespread that it is so permanent and well settled as to constitute a custom or practice of violating the Fourth and Fourteenth Amendment rights of individuals as a result of posting photographs or other information on the internet. On the contrary, the City has several policies intended to protect the rights

---

[1] Suing Cook in his official capacity is akin to suing the municipality itself. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a[n]…official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office.") (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

of individuals like the Plaintiff. The Evanston Police Department maintains policies regulating the use of social media on behalf of the Department as well as social media use by employees. (Def. SOF ¶ 22). Evanston Police Department Policy regarding Department use of social media **prohibits** posting "any information that violates individual rights, including confidentiality and/or privacy rights and those provided under state, federal or local laws." (Def. SOF ¶ 23). Evanston Police Department Policy regarding employee use of social media **prohibits** speech that tends to compromise the Department's professionalism and the "use or disclosure, through whatever means, of any information, photograph, video or other recording obtained or accessible as a result of employment with the Department for financial or personal gain, or any disclosure of such materials without the express authorization of the Chief of Police or the authorized designee." (Def. SOF ¶ 24).

Moreover, the Evanston Police Department has a policy governing the use of personal communication devices and **prohibits** the use of such devices to take pictures, make audio or video recordings or make copies of pictures or recordings unless it is directly related to Department business. (Def. SOF ¶ 25). Evanston Police Department policy allows for discipline to be issued for failure to follow or ordering a subordinate to violate any policy, procedure, rule, order, directive, requirement or failure to follow department or City manuals. (Def. SOF ¶ 21).

In this case, Cook violated Evanston Police Department policies and was disciplined as a result of posting the photo array to his personal Snapchat account. (Def. SOF ¶¶ 34, 35). Specifically, Cook was suspended for violating Rules 42 and 43 of Section 8 of the City of Evanston Police Department Employee Manual; and policies 701.5(d) and 1030.4 of the Evanston Police Department Policy Manual. (Def. SOF ¶ 35).

Furthermore, the photographs published by Cook are not easily accessible within City buildings. The mugshots were taped to the back of a door in the City of Evanston Police Department

7

Neighborhood Enforcement Team (NET) office. (Def. SOF ¶ 8). The NET Unit is a secure office in the police department building. (Def. SOF ¶ 9). There are very few people with access to the office; even Cook does not have keys. (Def. SOF ¶ 10). Therefore, the evidence in the record shows the City took reasonable steps to keep the photographs and information secure; the photographs are not accessible to the public, other City of Evanston employees or police officers.

Earlier in this case, this court denied the City's Motion to Dismiss on the premise that Cook's actions were taken as a final policy maker. Dkt. 47, p. 14-15. Even if Cook is the final policymaker for the Evanston Police Department as alleged in Plaintiff's Complaint, the evidence in the record shows Cook did not intend to change Evanston Police Department policy when he accidentally published the photos. (Def. SOF ¶ 33). Accordingly, this case is similar to *Auriemma et al. v. City of Chicago et al.*, 957 F.2d 397 (7th Cir. 1992). In that case, police officers who were demoted or fired sued the City and the superintendent of police, Fred Rice. *Id.* at 398. The plaintiffs alleged Rice either demoted or fired them based on racial or political animus. *Id.* The City of Chicago had policies and ordinances banning racial and political discrimination in hiring and promotions. *Id.* at 399.

The Seventh Circuit held that "[l]iability for unauthorized acts is personal; to hold the municipality liable, *Monell* [*v. Dept. of Social Services*, 436 U.S. 658 (1978)] tells us, the agent's action must *implement rather than frustrate* the government's policy." *Id.* at 400 (emphasis added). Thus, the court determined Rice was solely responsible for his actions because "he violated rather than implemented the policy of Chicago." *Id.* at 401. Judge Ripple in his concurrence noted "Mr. Rice's actions cannot be characterized as the policy of the City of Chicago. His authority was to administer the department in accordance with state law and municipal ordinances." *Id.*

While there is no municipal ordinance governing the offending actions alleged in this case, there is explicit City policy that Cook's actions served to frustrate. Cook's authority as Chief of Police

8

was to implement City policy. Evanston City Code, § 9-1-3-2(D). Indeed Cook was disciplined by the City Manager for posting the photos to his personal Snapchat account in violation of Evanston City policy. (Def. SOF ¶ 34).

Moreover, although Cook may have only been disciplined for certain violations of City policy, there is no evidence in the record that Cook intended to change other policies. Indeed it can be reasonably inferred from the evidence in the record that Cook violated other City policies that he was not disciplined for. The Evanston Police Department has polices regarding the conduct of investigations and how records are maintained and released. (Def. SOF ¶ 26). Evanston Police Department policy allows for the use of social media to aid in a criminal investigation, although Snapchat is not an application provided by or used by the City of Evanston as part of the City's social media. (Def. SOF ¶¶ 11; 27). Evanston Police Department policy regarding the maintenance and release of records restricts the release of certain records, including but not limited to personal identifying information, private information, confidential information, records regarding juveniles, and information contained in public records that would constitute an unwarranted invasion of personal privacy. (Def. SOF ¶ 28). The photo array published by Cook contained photographs of juveniles. (Def. SOF ¶ 32). There is no evidence Cook intended to change these policies by his actions and the evidence suggests Cook's actions served to frustrate, rather than implement these policies. Therefore, the City cannot be held liable for Cook's actions which Plaintiff' alleges violated his Fourth and Fourteenth Amendment rights; consequently, the City is entitled to judgment as a matter of law.

**II. THE CITY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S FOURTH AMENDMENT CLAIM.**

Assuming *arguendo* the court determines there is a question of fact on Plaintiff's remaining claims against the City, the City is entitled to judgment as a matter of law on Plaintiff's Fourth

9

Amendment claim. The plain language of the Fourth Amendment shows Plaintiff has no cause of action in this case. The Fourth Amendment states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

USCA Amend. IV. There is no allegation or evidence suggesting Plaintiff was improperly searched or seized in violation of the Fourth Amendment, or is there any evidence or allegation the City has a policy or practice of violating the Fourth Amendment rights of individuals. There is no evidence in the record that Cook as a policymaker took an action that served to violate Plaintiff's Fourth Amendment rights. The evidence in the record shows Plaintiff was tested for HIV in 2017 when he was transferred from the custody of the Cook County Sheriff to the Illinois Department of Corrections. (Def. SOF ¶ 15). Although Plaintiff had previously been arrested by Evanston Police, (Def. SOF ¶ 14), there is no evidence in the record to suggest the arrest(s) were improper or illegal.

Moreover, the Supreme Court has held the Fourth Amendment does not give a general right to privacy. *Katz v. U.S.*, 389 U.S. 347, 350 (1957). The Fourth Amendment "protects individual privacy against certain kinds of governmental intrusion, but its protections go further, and often have nothing to do with privacy at all." *Id*. "Other provisions of the Constitution protect personal privacy from other forms of governmental invasion." *Id*. "But the protection of a person's general right to privacy—his right to be let alone by other people—is, like the protection of his property and his very life, left largely to the law of the individual States." *Id*. Moreover, this court's decision denying Defendants' Motion to Dismiss analyzed Plaintiff's privacy claims under the due process clause of the Fourteenth Amendment. Dkt. 47, pgs. 9-10. Accordingly, there is no question of material fact and insufficient evidence in the record to sustain a claim against the City under the Fourth Amendment; consequently, the City is entitled to judgment as a matter of law on this claim.

**III.   THE CITY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW WITH RESPECT TO PLAINTIFF'S FOURTEENTH AMENDMENT CLAIMS.**

   **a. There is insufficient evidence in the record showing the City violated Plaintiff's Due Process rights.**

In denying Defendants' Motion to Dismiss, this court identified the federal protection for public disclosure of private facts. Dkt. 47 pgs. 10-11; *see also Wolfe v. Schaefer*, 619 F.3d 782, 785 (2010) ("The courts of appeals, including this court, have interpreted *Whalen* [*v. Roe*, 589 (1977)] to recognize a constitutional right to the privacy of medical, sexual, financial, and perhaps other categories of highly personal information—information that most people are reluctant to disclose to strangers—and have held that the right is defeasible only upon proof of a strong public interest in access to or dissemination of the information.") Nevertheless, the City is entitled to judgment as a matter of law on this claim as well.

First, as argued above, there is no evidence in the record of a policy or practice of the City that would permit or promote the disclosure of Plaintiff's private information. The evidence in the record shows the opposite. Second, even if Cook is a policymaker of the City, his actions did not change City policy in any way. (Def. SOF ¶¶ 33, 34). The undisputed evidence in the record is that Cook posted the photo array by mistake. (Def. SOF ¶ 6). Furthermore, the City cannot be liable under a theory of respondeat superior, *Monell*, 436 U.S. at 691, nor is there evidence in the record to support a ratification theory on the part of the City. *See Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (1994) (supervisors must know about the conduct and facilitate it, approve, condone it, or turn a blind eye for fear of what they might see). The City Manager, Cook's supervisor and the administrative head of the City, disciplined Cook for his actions. (Def. SOF ¶¶ 34, 35). It cannot be said the City approved, condoned or turned a blind eye to Cook's actions. Therefore, the City is entitled to judgment as a matter of law on Plaintiff's due process claims.

### b. There is insufficient evidence in the record showing the City violated Plaintiff's right to equal protection.

Additionally, the City is entitled to judgment as a matter of law on Plaintiff's claims of racial discrimination. As this court pointed out in its order denying Defendants' Motion to Dismiss, to prove a claim for violation of equal protection, Plaintiff must provide sufficient evidence that he is (1) a member of a protected class; (2) similarly situated to individuals who are not in a protected class; (3) he was treated differently from those persons; and (4) the defendant acted with discriminatory intent. Dkt. 47 p. 11 (citing *Swearingen-El v. Cook County Sheriff's Dep't*, 416 F. Supp. 2d 612, 617 (N.D. Ill. 2006) (BUCKLO, J)).

The record is bereft of facts and evidence of three of the four elements necessary. There is no evidence in the record of similarly situated individuals not in a protected class and no evidence that Plaintiff was treated differently from those non-protected individuals. Particularly damning is the lack of evidence of discriminatory intent. The undisputed evidence in the record is Cook published the photos to his personal Snapchat by mistake, without regard to the race of the individuals depicted in the photos. (Def. SOF ¶ 6). Moreover, Plaintiff does not know Cook personally, and is unaware of any police officer that would have a personal issue or grudge against him. (Def. SOF ¶¶ 16, 17). There is simply no evidence that Plaintiff's photograph would not have been posted by Cook but for his race. *See Comcast Corporation v. National Association of African American-Owned Media, et al.*, 140 S. Ct. 1009 (2020) (holding that "but for" causation is necessary to sustain a claim in racial discrimination actions). Plaintiff cannot prove an essential element in which he has the burden of proof; consequently, the City is entitled to judgment as a matter of law on Plaintiff's racial discrimination claims.

## CONCLUSION

WHEREFORE, CITY OF EVANSTON, based on the foregoing reasons and authority, respectfully requests that this Honorable Court grant his motion for summary judgment, along with fees and costs and other such relief as this court deems just and appropriate.

Respectfully submitted,

NICHOLAS E. CUMMINGS
Corporation Counsel

*/s/ Alexandra Ruggie*
Alexandra Ruggie
Assistant City Attorney
City of Evanston Law Department
Morton Civic Center
2100 Ridge Ave
Evanston, IL 60201
(847) 866 - 2937
aruggie@cityofevanston.org